## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| CALVIN JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV424-260 |
| | ) | |
| WARDEN, FCI EL RENO, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

*Pro se* petitioner Calvin James has filed the instant petition, pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence. *See, e.g.,* doc. 1 at 1 (disputing calculation of James' "release date" by Bureau of Prisons personnel). He moves to proceed *in forma pauperis.* Doc. 2. Since it appears that he lacks the funds to pay the required filing fee, that Motion is **GRANTED**. Doc. 2. The Court must, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits

1

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

"Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."   28 U.S.C. § 2241(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").   Since he is challenging the calculation of his sentence, his request is properly brought pursuant to § 2241.   *See, e.g., United States v. Mervin*, 2022 WL 2079317, at *2 (S.D. Ga. June 9, 2022) (citing, *inter alia.*, *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020)) (explaining the proper procedure for challenging a determination of sentence-credit).   James' petition indicates that he is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma.   *See* doc. 1

---

[1]   The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

at 1.   El Reno, Oklahoma is located in Canadian County, Oklahoma, which lies in the Western District of Oklahoma.   28 U.S.C. § 116(c). This Court, therefore, lacks jurisdiction over James' petition.   *See Fernandez*, 941 F.2d at 1495; *see also, e.g., United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review [prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement).

The proper venue for this action is in the United States District Court for the Western District of Oklahoma.   *See* 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); 28 U.S.C. § 116(c).   Accordingly, the Court **DIRECTS** the Clerk of Court to **TRANSFER** this action to the Western District of Oklahoma for all further proceedings.

**SO ORDERED**, this 25th day of November, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA